NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSITY SPINE CENTER, *On assignment of Michael V.* <br><br> Plaintiff, <br><br> v. <br><br> AETNA, Inc., <br><br> Defendant. | Civil Action No.: 17-7825 (JLL) <br><br> **OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Aetna, Inc.'s ("Defendant") Motion to Dismiss Plaintiff University Spine Center's ("Plaintiff") Complaint pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 7). Plaintiff has submitted opposition and Defendant has submitted a reply. (ECF Nos. 10, 13). For the reasons stated herein, the Court grants Defendant's Motion to Dismiss Plaintiff's Complaint.

## BACKGROUND[1]

On March 16, 2016, Plaintiff performed spinal surgery on Michael S. ("Patient"). (ECF No. 1 ("Compl.") ¶¶ 4–5). Plaintiff obtained an assignment of benefits from Patient in order to bring this claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

U.S.C. § 1002, *et seq.* (*Id.* ¶ 6). Plaintiff asserts that, pursuant to the assignment of benefits, it prepared Health Insurance Claim Forms ("HICFs") formally demanding reimbursement from Defendant in the amount of $ 435,222.00 for the medical services provided by Plaintiff to Patient. (*Id.* ¶ 7). Plaintiff alleges that Defendant only paid $7,145.65 for the aforementioned treatment. (*Id.* ¶ 8). Thereafter, Plaintiff engaged in the applicable administrative appeals process maintained by Defendant to recover the remaining balance of $ 428,076.35. (*Id.* ¶¶ 9, 13). Defendant denied Plaintiff's appeal. (*Id.* ¶ 11). Accordingly, Plaintiff brought this action, alleging Counts I (Failure to Make All Payments Pursuant to Member's Plan Under 29 U.S.C. § 1132(a)(1)(B)) and II (Breach of Fiduciary Duty Under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a)). (*Id.* ¶¶ 15–32). Defendant now moves to dismiss Plaintiff's Complaint.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12 (b)(1), the Court must dismiss a complaint if it lacks subject matter jurisdiction. "Ordinarily, Rule 12(b)(1) governs motions to dismiss for lack of standing, as standing is a jurisdictional matter." *N.J. Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 n.3 (3d Cir. 2015). However, when statutory limitations to sue are non-jurisdictional, as is the case where a party claims derivative standing to sue under ERISA § 502(a), a motion to dismiss challenging such standing is "properly filed under Rule 12(b)(6)." *Id.* Regardless, "a motion for lack of statutory standing is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6)." *Id.* (citation omitted).

On a motion to dismiss for lack of standing, the plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny Cty. Court of Common*

2

*Pleas*, 75 F.3d 834, 838 (3d Cir. 1996) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "For the purpose of determining standing, [the Court] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the complaining party." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

## DISCUSSION

The parties agree that this case is governed by ERISA. (ECF No. 7-1 at 2; ECF No. 10 at 1). Under § 502 (a) of ERISA "a participant or beneficiary" may bring a civil action to, *inter alia*, "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). Accordingly, standing to sue under ERISA is "limited to participants and beneficiaries." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400–01 (3d Cir. 2004) (holding that if plaintiff lacks standing to sue under ERISA, then the Court also lacks federal subject matter jurisdiction to hear the claim). As ERISA is silent on the issue of standing, Third Circuit precedent sets forth that a healthcare provider may bring a cause of action by acquiring derivative standing through an assignment of rights from the plan participant or beneficiary to the healthcare provider. *N.J. Brain & Spine Ctr.*, 801 F.3d at 372. "Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *Id.* (citing *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014)).

As a consequence, the issue presently before this Court hinges upon whether Patient successfully assigned his rights to Plaintiff under the terms of Defendant's insurance plan. Defendant argues that any purported assignment of right from Patient, the plan participant, is void

3

since the applicable health benefits plan contains an anti-assignment clause that expressly prohibits Patient from assigning his rights and/or benefits. (ECF No. 7-1 at 6). Both parties agree that the anti-assignment clause in Defendant's insurance plan states that Patient "may not assign [his or her] benefits or rights under this plan." (ECF No. 7-4). Defendant claims that this clause, therefore, deprives Plaintiff of standing to bring the current action. (ECF No. 7-1 at 6).

In opposition, Plaintiff argues that the anti-assignment clause is invalid because it does not specify that any attempted assignment would be voided. (ECF No. 10 at 5). Plaintiff further argues that the anti-assignment clause is unenforceable against it as a health care provider, relying on a decision from the Court of Appeals for the Fifth Circuit. (ECF No. 10 at 7–8). This Fifth Circuit decision interpreted anti-assignment clauses, such as the one at issue here, to apply only to third-party assignees who may obtain assignments to cover unrelated debts. *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569, 575 (5th Cir. 1992) ("We interpret the anti-assignment clause as applying only to unrelated, third-party assignees—other than the health care provider of assigned benefits—such as creditors who might attempt to obtain voluntary assignments to cover debts having no nexus with the Plan or its benefits, or even involuntary alienations such as attempting to garnish payments for plan benefits."), *overruled on other grounds by Access Mediquip, L.L.C. v. United Health Care Ins. Co.*, 698 F.3d 229 (5th Cir. 2012).

The Court rejects both of Plaintiff's arguments because they are contrary to the recognized law in this district. Though the Third Circuit has not specifically spoken on the enforceability of anti-assignment clauses in ERISA-governed plans, a majority of circuits, as well as courts in the Third Circuit, have given effect to anti-assignment provisions such as the one in this case and denied standing. *See, e.g.*, *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1296 (11th Cir. 2004) ("[A]n unambiguous anti-assignment provision in an

4

ERISA-governed welfare benefit plan is valid and enforceable."); *LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 353 (5th Cir. 2002) (reversing district court by holding that anti-assignment clause in ERISA plan was enforceable and distinguishing *Hermann Hosp.*, 959 F.2d at 575); *City of Hope Nat'l Med. Ctr. v. HealthPlus Inc.*, 156 F.3d 223, 229 (1st Cir. 1998) ("[W]e hold that ERISA leaves the assignability or non-assignability of health care benefits under ERISA-regulated welfare plans to the negotiations of the contracting parties."); *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.*, 49 F.3d 1460, 1465 (10th Cir. 1995) ("ERISA's silence on the issue of assignability of insurance benefits leaves the matter to the agreement of the contracting parties."); *Davidowitz v. Delta Dental Plan, Inc.*, 946 F.2d 1476, 1481 (9th Cir. 1991) ("The court concludes that ERISA welfare plan payments are not assignable in the face of an express non-assignment clause in the plan."); *Advanced Orthopedics & Sports Med. v. Blue Cross Blue Shield of Mass.*, No. 14-7280 (FLW), 2015 U.S. Dist. LEXIS 93855, at *9 (D.N.J. July 20, 2015) ("[C]ourts routinely enforce anti-assignment clauses contained in ERISA-governed welfare plans."); *Prof'l Orthopedic Assocs., PA v. CareFirst BlueCross BlueShield*, No. 14-4486 (MAS), 2015 U.S. Dist. LEXIS 84996, at *10 (D.N.J. June 30, 2015) ("[T]he majority of circuits addressing the [anti-assignment enforceability] question as well as other courts in this district have considered the issue and held such provisions to be enforceable."); *Specialty Surgery of Middletown v. Aetna*, No. 12-4429 (JLL), 2014 U.S. Dist. LEXIS 85371, at *10 (D.N.J. June 24, 2014) ("Courts in the District of New Jersey have thus far held that unambiguous anti-assignment provisions in group healthcare plans are valid and enforceable.").

In light of the foregoing, the Court has carefully reviewed the anti-assignment provision and finds it to be clear and unambiguous. As noted above, the anti-assignment clause states that Patient "may not assign [his or her] benefits or rights under this plan." (ECF No. 7-4). The clear

meaning of this language is that Patient is prohibited from assigning his right to bring suit to Plaintiff. As the Court acknowledged above, a clear and unambiguous anti-assignment clause like the one in this case is enforceable in this district. *See Cohen v. Indep. Blue Cross,* 820 F. Supp. 2d 594, 604–06 (D.N.J. 2011) (upholding similar anti-assignment clause language). Therefore, the Court concludes that the anti-assignment clause is valid and bars Plaintiff's claims.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is hereby granted. An appropriate Order accompanies this Opinion.

Date: December 19TH, 2017

JOSE L. LINARES
Chief Judge, United States District Court